United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WON,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Defendant. | Case No. 3:16-cv-01337-JD<br><br>**ORDER RE DISMISSAL**<br><br>Re: Dkt. No. 24 |

Plaintiff Steven Won filed this case in the Superior Court of the State of California, County of Contra Costa, on February 9, 2016. Dkt. No. 1 at 1. Defendant Federal National Mortgage Association ("Fannie Mae") timely and properly removed to this Court on March 18, 2016. *Id.* at 1-3. Fannie Mae then moved to dismiss the complaint on March 28, 2016, Dkt. No. 13, and the Court heard oral argument on that motion on May 18, 2016. Dkt. No. 20. Ruling from the bench, the Court dismissed Won's claims with leave to amend, and noted that future amendments beyond that opportunity would be unlikely. *Id.* Won filed an amended complaint, Dkt. No. 23 ("FAC"), which Fannie Mae now moves to dismiss. Dkt. No. 24. Pursuant to Civil Local Rule 7-1(b), the Court found the motion suitable for decision without oral argument. Dkt. No. 31. The FAC is dismissed with prejudice.

**BACKGROUND**

Although somewhat difficult to discern, the gist of Won's complaint appears to be that, while he was incarcerated in federal prison from 2003 to 2006 (and then in a halfway home in 2007), an unidentified "imposter" stole his identity and executed several cash-out refinances of a $244,000.00 mortgage he signed with Washington Mutual in 2001 on his home in Antioch, California. Dkt. No. 23 ¶¶ 6-12. The refinances apparently ballooned the balance on his mortgage

to at least $410,000 by 2008. *Id.* ¶ 7(e); Dkt. No. 24 at 2. In 2008, Won asked Chase -- which had acquired the mortgage from Washington Mutual -- why his balance had increased by nearly 70%, and was allegedly told that "loans get transferred frequently and that his terms probably caused the increased balance." Dkt. No. 23 ¶ 14(c). By July 2013, when Won sought a loan modification on the mortgage, the balance had risen to $543,253.00. *Id.* ¶ 14. Presumably because of Won's inability to make payments on the inflated mortgage, Chase began foreclosure proceedings and initiated a foreclosure sale to Fannie Mae on September 11, 2013. *Id.* ¶ 13. But just weeks before the sale, Won allegedly discovered the fraudulent refinances, and sent a written notice to Chase. *Id.* ¶ 12. Won apparently has refused to vacate his Antioch home, *see* Dkt. No. 24 at 3, and now alleges claims against Fannie Mae for (1) quiet title, (2) wrongful collection activities under California Civil Code § 1798.93, and (3) willful negligence. Fannie Mae moves to dismiss, Dkt. No. 24, under Federal Rule of Civil Procedure 12(b)(6) and the usual pleading standards. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

**I.    Quiet Title**

Won's claim for quiet title again fails to allege that he ever satisfied his original debt on the property. A "basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Williams v. Bank of Am. Nat'l Ass'n*, No. 15-CV-00792-LHK, 2015 WL 6602403, at *7 (N.D. Cal. Oct. 30, 2015) (quotation omitted). The FAC, like the original complaint, makes no allegation of that predicate fact. To the contrary, Won concedes that he has failed to satisfy the debt on the original deed of trust. Dkt. No. 27. While many other deficiencies to Won's quiet title claim are apparent on the face of the FAC, the fact that Won does not even allege that he ever even paid for the home forecloses his claim. *See Miller v. Provost*, 33 Cal. Rptr. 2d 288, 290 (Cal. Ct. App. 1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."). The claim is dismissed.

//

//

## II. Civil Code Section 1798.93

Won's Section 1798.93 claim is dismissed on statute of limitations grounds. Claims under Section 1798.93 must be brought "within four years of the date the person who alleges that he or she is a victim of identity theft knew or, in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the bringing of the action." Cal. Civ. Code § 1798.96. Won squarely alleges that he was aware of the "inflated balance" on his mortgage at least as early as 2008, when the balance had ballooned from $244,000.00 to $410,000.00. Dkt. No. 23 ¶ 7(e), 14(b). This massive increase in the outstanding balance would have put a reasonably diligent person on notice of facts potentially giving rise to a Section 1798.93 claim. Consequently, any § 1798.93 claim Won may have ever had expired sometime in 2012 at the latest -- yet he did not bring suit until 2016. The claim is dismissed.

## III. Willful Negligence

Won's claim for "willful negligence," which has not meaningfully changed after amendment, is also dismissed. Under California law, willful negligence "occurs when a person with no intent to cause harm intentionally performs an act so unreasonable and dangerous that he [or she] knows, or should know, it is highly probable that harm will result." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1017 (1993) (quotation omitted) (brackets in original). Crucially, the brunt of Won's complaint is aimed at the alleged conduct of Washington Mutual and Chase -- not that of Fannie Mae. *See* Dkt. No. 23 ¶¶ 6-14. The only allegations Won directs at Fannie Mae for willful negligence are that it "maintain[ed] its fraudulent mortgage" and instituted an unlawful detainer proceeding following foreclosure. *Id.* ¶¶ 39-41. But Won again fails to allege that Fannie Mae ever held a mortgage for him; he alleges only that Washington Mutual and then Chase did. *Id.* ¶¶ 7(e), 13, 17-18, 34. And Fannie Mae's filing of an unlawful detainer action for a home it validly acquired through a foreclosure proceeding is not "an act so unreasonable and dangerous" that Fannie Mae should have known that "it is highly probable" that harm would result. *Potter*, 6 Cal. 4th at 1017. To the contrary, Fannie Mae apparently dismissed its initial unlawful detainer action in order to investigate Won's claims of fraud, allowing Won to remain in the Antioch home, for free, through the present day. Dkt. No. 23 ¶¶ 23, 24. Only in

1    January 2016, after finding that Won's fraud claim lacked merit, did Fannie Mae assert possession

2    of the Antioch home. *Id.* ¶ 25. The willful negligence claim is dismissed.

## CONCLUSION

The remaining question is whether dismissal should be with prejudice. The Court's discretion to dismiss with prejudice is "particularly broad" after prior leave to amend has been granted. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). The Court previously granted Won leave to amend his original complaint. Dkt. No. 20. In light of that opportunity and the continued deficiencies in Won's allegations, the FAC is dismissed with prejudice and the case is ordered closed.

**IT IS SO ORDERED.**

Dated:  November 18, 2016

JAMES DONATO
United States District Judge